UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TOMMY LEE WALKER,<br>Defendant. | Case No. 17-cr-00570-EMC-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO REQUIRE DISCLOSURE OF BRADY AND RULE 5-110(D) MATERIAL**<br><br>Docket No. 39 |

Defendant moves for an order requiring the Government to produce *Brady* and Rule 5-110(D) materials 21 days advance of trial, by June 25, 2018. For the reasons stated on the record in the hearing herein and below, the Court **GRANTS** the motion.

## I. DISCLOSURE STANDARDS

Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and its progeny, the United States is required to disclose evidence favorable to an accused which is material to guilt or punishment. *See also United States v. Bagley*, 573 U.S. 667, 676 (1985); *Giglio v. U.S.*, 405 U.S. 150, 154 (1972).

In November 2017, a new California rule of professional conduct went into effect which goes beyond *Brady*. It requires prosecutors to "[m]ake timely disclosure to the defense of all evidence or information known to the prosecutor that the prosecutor knows or reasonably should know tends to negate the guilty of the accused, mitigate the offense, or mitigate the sentence, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal." Cal. Rules of Prof. Conduct, Rule 5-110(D). As the comment to the Rule 5-110(D) explains, "[t]he disclosure obligations . . . are not limited to evidence or information that is material as defined by *Brady* . . . and its progeny," but rather includes, "at a minimum, the duty to disclose

impeachment evidence or information that a prosecutor knows or reasonably should know casts significant doubt on the accuracy or admissibility of witness testimony on which the prosecution intends to rely." Rule 5-110(D) cmt. 3.

## II. DISCUSSION

The United States concedes that Rule 5-110(D) is binding on its attorneys practicing in this state. *See* 28 U.S.C. § 530B(a); N.D. Cal. Civ. R. 11-4(a); N.D. Cal. Crim. R. 2-1. The United States also concedes that the disclosures required under Rule 5-110(D) are consistent with those already required under the United States Attorneys' Manual and U.S. Department of Justice policy, which also require disclosure broader than *Brady*. *See* U.S. Attorney's Manual 9-5.001(C), 9-5.001(B)(1); David Ogden, *Guidance for Prosecutors Regarding Criminal Discovery*(Jan. 4, 2010), *available at* http://www.justice.gov/dag/discovery-guidance.html; Statement of Deputy Attorney General James M. Cole before Senate Judiciary Committee (June 6, 2012), *available at* http://www.justice.gov/iso/opa/dag/speeches/2012/dag-speech-120606.html. Thus, there is no dispute over whether the United States is obligated to make the disclosures in question; the only dispute is when.

The United States agrees that, under Rule 5-110(D), the disclosures must be "timely," and adds that under the U.S. Attorneys Manual, they must be "prompt." It argues, however, that the Court should not set a specific deadline of 21-days before trial because *Brady* only requires disclosure of evidence in time for its "effective use at trial." *U.S. v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001). However, the "effective use at trial" standard is used post-trial to analyze whether a delayed disclosure deprived a defendant of a fair trial. In any event, under Rule 5-110(D) and the U.S. Attorney's Manual, the disclosure must be "prompt" and "timely"; as trial approaches in this case, the Court can and will set specific timelines to give meaning to the terms under its "inherent power to manage its cases to ensure the fair and effective administration of the criminal justice system." *United States v. W.R. Grace*, 526 F.3d 499, 512, 513 (9th Cir. 2008) (en banc).

Here, case management needs will be served by setting a disclosure deadline three weeks before trial for reasons particular to this case. First, this case is rapidly running up against a speedy trial deadline; indeed, that is why this matter was transferred to the undersigned. The

2

1 parties and the Court cannot afford unnecessary delays that might be caused by disputes over late
2 disclosures.

3     <u>Second</u>, at the hearing, Defendant's counsel indicated that some arguably exculpatory
4 evidence had been disclosed for the first time after the June 1, 2018 discovery deadline in this
5 case. The Court offers no opinion whether the delayed disclosure was improper. Nevertheless, it
6 indicates the possibility that materials covered by Rule 5-110(D) or *Brady* might exist which have
7 yet to be produced.

8     Accordingly, the United States is **ORDERED** to make *Brady* and Rule 5-110(D)
9 disclosures no later than June 25, 2018. If new exculpatory evidence is discovered after that date,
10 then disclosure shall be made to Defendant within 24 hours of discovery. The United States may
11 seek leave of the Court not to disclose particular evidence upon a showing of good cause, such as
12 a good faith assertion of privilege.

13     This order disposes of Docket No. 39.

15     **IT IS SO ORDERED**.

17 Dated: June 18, 2018

EDWARD M. CHEN
United States District Judge